UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
:
NEAL PRICE,                                                           :
:
                                 Plaintiff,          :
:      24-CV-2826 (JMF)
            -v-                                                  :
:      MEMORANDUM OPINION
HALE GLOBAL et al.,                                                   :      AND ORDER
:
                                 Defendants.         :
:
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On August 1, 2024, Plaintiff Neal Price, proceeding without counsel, filed an Amended Complaint. *See* ECF No. 18 ("Compl."). On August 26, 2024, Defendants filed a motion to dismiss the Amended Complaint, which is currently pending before the Court. *See* ECF No. 21. Before the Court can rule on Defendants' motion, however, the Court must fulfill its "independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Jones v. Newman*, No. 98-CV-7460 (MBM), 1999 WL 493429, at *7 (S.D.N.Y. June 30, 1999) ("[A] federal court may not resolve a claim on the merits without first finding that it has jurisdiction to hear the claim — even if the merits question is easy and the jurisdictional question is not." (internal quotation marks omitted)). Price's Amended Complaint expressly invokes the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.[1] *See* Compl. 1. Upon reflection, however, the allegations of diversity jurisdiction in the Amended Complaint fall short in at least three respects.

---

[1] Although the Amended Complaint also purports to bring "a federal claim," Compl. at 3, neither 28 U.S.C. § 4101 — a definitional statute that Price cites — nor federal common law provides a federal cause of action for Price to pursue his defamation claim, which is a creature of state law. Accordingly, to the extent that Price pleads a federal claim, it would be and is

First, Price does not allege the citizenship of Defendant Patch.com, which appears to be the legal entity Planck LLC d/b/a Patch Media ("Defendant LLC"), which is owned, at least in part, by another legal entity Pascal Holdings LLC.  *See* ECF No. 14.  It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members).  Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC.  *See Handelsman*, 213 F.3d at 51-52; *see also*, *e.g., In re Bank of Am. Corp. Sec., Derivative, and Employee Retirement Income Security Act (ERISA) Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  This includes the citizenship of any members of the LLC that are themselves LLCs.  *See U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020).  In the present case, the Amended Complaint fails to do so.

Second, Price fails to allege his own state of citizenship and the state of citizenship of Defendant Hale Global, as required to invoke diversity jurisdiction.  *See, e.g., Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint

---

dismissed as meritless.  That means that diversity jurisdiction is the only plausible source of subject-matter jurisdiction going forward.  *See, e.g.*, *Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC*, 358 F. Supp. 3d 279, 282 (S.D.N.Y. 2019) ("Subject matter jurisdiction is a threshold issue, and courts must evaluate their jurisdiction over every claim."); *see also, e.g.*, *Fisk v. Letterman*, 501 F. Supp. 2d 505, 528 (S.D.N.Y. 2007) ("When all federal claims are dismissed, district courts should generally decline to exercise supplemental jurisdiction over pendent state law claims.").

that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction). Although Price appears to reside in Illinois, "a statement of the part[y's] residence is insufficient to establish [his] citizenship." *Id*. Instead, "[f]or purposes of diversity jurisdiction, a party's citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). As for Hale Global, Defendants represent that its principal place of business is in New York, *see* ECF No. 21, at 2, but the Amended Complaint says nothing about Hale Global's state of incorporation. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business." (cleaned up)).

Third, the Amended Complaint contains only a bare conclusory allegation that the "damages are over $75,000." Compl. at 1. There is reason to believe that this allegation does not suffice for diversity jurisdiction. *See, e.g., Sanders v. New York Times*, No. 23-CV-2105 (LTS), 2023 WL 3724818, at *4 (S.D.N.Y. May 30, 2023) ("[W]here a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy."); *Pucha v. Peters*, No. 23-CV-4113(DLI) (SJB), 2023 WL 6121797, at *3 (E.D.N.Y. Sept. 19, 2023) (finding that "generalized and speculative" pleadings are insufficient to demonstrate "that the amount in controversy exceeds $75,000 and are not entitled to a presumption of truth"); *Turban v. Bar Giacosa Corp.*, No. 19-CV-1138 (JMF), 2019 WL 3495947, at *3 (S.D.N.Y. Aug. 1, 2019); *see also Wood v. Maguire Auto., LLC*, 508 F. App'x 65, 65 (2d Cir. 2013) (summary order) (affirming dismissal for lack of subject-matter jurisdiction where the "allegation in [the plaintiff's] complaint of $75,000 in controversy is conclusory and not entitled to a presumption of truth"); *Kimm v. KCC*

*Trading, Inc.*, 449 Fed. App'x. 85, 85-86 (2d Cir. 2012) (summary order) (affirming dismissal for lack of subject-matter jurisdiction where the plaintiff only "alleged generally that th[e] . . . amount in controversy exceed[ed] $75,000").

No later than **November 13, 2024**, Price shall file an affidavit, not to exceed five pages, that properly alleges the *citizenship* of each party to this action and facts supporting an amount in controversy exceeding $75,000.  If, by that date, Price does not file an affidavit confirming that this Court has subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.  If Price does file an affidavit by the deadline, Defendants may file a letter-brief, not to exceed three pages, addressing the issue of subject-matter jurisdiction **within one week of the affidavit being filed**.  In the event that the Court confirms that it has subject-matter jurisdiction, it will proceed to decide Defendants' motion to dismiss.

The Clerk of Court is directed to mail a copy of this Order to Price.

SO ORDERED.

Dated: October 23, 2024
      New York, New York

                                               JESSE M. FURMAN
                                           United States District Judge