```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                              :
NEAL PRICE,                                                   :
                                                              :
                                  Plaintiff,                  :
                                                              :       24-CV-2826 (JMF)
                  -v-                                         :
                                                              :       MEMORANDUM OPINION
HALE GLOBAL et al.,                                           :            AND ORDER
                                                              :
                                  Defendants.                 :
                                                              :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Neal Price, proceeding without counsel, sues Defendants Hale Global and Patch.com for defamation in connection with an article about him that was published on Patch.com over ten years ago. *See* ECF No. 18 ("Am. Compl."). The article, which was posted on July 20, 2013, was titled "Olympia Fields Man Arrested in Human Trafficking Case." *See id.* at 7.[1] Its subtitle read: "A 24-year-old man faces charges for promoting juvenile prostitution after police discovered a missing 17-year-old girl in his company." *Id.* Price's objection is to the headline, which he contends was false because he was arrested for promoting prostitution and promoting juvenile prostitution in violation of Illinois law, not for human trafficking. *See id.* at 3. Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint for failure to state a claim. *See* ECF No. 21 ("Defs.' Mem."). For several reasons, their motion must be and is granted.[2]

---

[1]   Citations to ECF No. 18 are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

[2]   On October 23, 2024, the Court entered a Memorandum Opinion and Order raising questions about whether Price's allegations were sufficient to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Price v. Hale Glob.*, No. 24-CV-2826 (JMF), 2024 WL

First, the sole claim that Price explicitly asserts in his operative Complaint — a "*federal* claim . . . for libel and defamation," Am. Compl. 3 (emphasis added) — does not exist. As the Court noted in an earlier Memorandum Opinion and Order, defamation "is a creature of state law." *Price*, 2024 WL 4555942, at *1 n.1; *see Steffens v. Kaminsky*, No. 3:20-CV-737 (JAM), 2020 WL 2850605, at *2 (D. Conn. June 2, 2020) ("Although the tort of defamation is a well-recognized cause of action under state common law, federal law does not create a general cause of action or provide a basis for federal question jurisdiction for defamation." (collecting cases)); *Singletary v. Chalifoux*, No. 13-CV-4205 (JG), 2013 WL 5348306, at *2 (E.D.N.Y. Sept. 23, 2013) ("[T]here is no federal cause of action for defamation . . . ."). To be sure, there is a federal law defining "defamation," 28 U.S.C. § 4101, which Price invokes, *see* Am. Compl. 2. But this statutory provision "does not create a cause of action"; instead, it only "contains definitions, including a definition of 'defamation,' in the context of a statute that allows actions recognizing foreign defamation judgments." *Bennett v. New York State Thruway Auth.*, No. 6:22-CV-337 (DNH), 2024 WL 1053222, at *17 (N.D.N.Y. Mar. 11, 2024). Accordingly, the sole claim that Price explicitly asserts — a federal claim for defamation — fails as a matter of law.

Second, to the extent that the Complaint is read to be asserting a defamation claim under state law, *see, e.g.*, *Roberts v. Macedonia Plaza Devel. LLC*, No. 24-CV-4514 (LTS), 2024 WL 4953958, at *1 (S.D.N.Y. Dec. 2, 2024) ("The Court is obliged to construe *pro se* pleadings liberally and interpret them to raise the strongest claims that they *suggest*." (cleaned up)), it is demonstrably untimely. That is true whether the law to be applied is that of New York (where Defendants have their principal places of business), *see* Defs.' Mem. 2; Illinois (where Price

---

4555942, at *1 (S.D.N.Y. Oct. 23, 2024) (ECF No. 25). Upon review of the parties' responses to that Memorandum Opinion and Order, the Court is satisfied that diversity jurisdiction exists.

2

used to reside), *see id.*; or Georgia (where Price apparently now resides), ECF No. 26, ¶ 3. *See, e.g.*, *Com. Union Ins. Co. v. Flagship Marine Servs., Inc.*, 190 F.3d 26, 30 (2d Cir. 1999) (declining to conduct a choice-of-law analysis where "it appears that the outcome would be the same under" the law of the two jurisdictions in play). All three states have a one-year statute of limitations for defamation claims, *see* N.Y. C.P.L.R. § 215(3); 735 Ill. Comp. Stat. Ann. 5/13-201; Ga. Code Ann. § 9-3-33, and follow the single-publication rule, which provides that the limitations period runs from the date of publication, *see, e.g.*, *Firth v. State*, 98 N.Y.2d 365 (2002) ; 740 Ill. Comp. Stat. § 165/1; *Ciolino v. Simon*, 192 N.E.3d 579, 587 (Ill. 2021); Ga. Code § 51-5-3; *N. Atlanta Golf Operations, LLC v. Ward*, 870 S.E.2d 814, 821 (Ga. Ct. App. 2022). Here, the allegedly offending article was published over a decade ago. Accordingly, it is clear from the face of Price's operative Complaint that his claim, if construed to be a claim under state law, is time barred. *See, e.g.*, *Yaroni v. Pintec Tech. Holdings Ltd.*, 600 F. Supp. 3d 385, 396 (S.D.N.Y. 2022) (observing that untimeliness "may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint").

Price's arguments to the contrary are unavailing. Given the single-publication rule, it is immaterial that "[t]he article was [] removed on April 10th, 2024" and "still showed up in search results until" its removal, *see* Am. Compl. 5. That rule also dooms Price's reliance on a YouTube video posted by a third party in 2021. *See id.* at 11. In any event, the video itself was posted more than one year before Price filed his lawsuit, *see id.*, and would not support a claim against Defendants regardless. *See, e.g.*, *Geraci v. Probst*, 15 N.Y.3d 336, 342 (2010) ("It is too well settled to be now questioned that one who utters a slander, or prints and publishes a libel, is not responsible for its voluntary and unjustifiable repetition, without his authority or request, by others over whom he has no control and who thereby make themselves liable to the person

injured . . . ."). Finally, the fact that Price "only discovered" the article in 2024, Am. Compl. 5, does not render his claim timely. Both New York and Georgia law "clearly hold[] that causes of action sounding . . . in defamation . . . accrue at the time of publication, not at the time of discovery of the allegedly defamatory statement." *ACTV, Inc. v. Walt Disney Co.*, No. 01-CV-8402 (JSR), 2002 WL 922172, at *2 (S.D.N.Y. May 7, 2002) (citing cases); *accord Metlife v. Wright*, 470 S.E.2d 717, 718 (Ga. Ct. App. 1996) ("Plaintiff's ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation [for a defamation claim]."). And while Illinois does recognize the "discovery rule," that rule does not apply to a "mass-media publication," which, includes, as applicable here, "an internet posting on a publicly accessible website." *Snow Sys., Inc. v. Tanner*, 2017 IL App (1st) 160347-U, ¶ 32 (quoting *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 334 N.E.2d 160, 161-62 (Ill. 1975)). Indeed, Price himself concedes that the "article could be easily found" and that it appeared "on the front page of Google search results" when his name was searched. Am. Compl. 4.[3]

Finally, and in any event, Price's claim fails because the publication at issue was substantially true.[4] To plead a defamation claim, Price "must plead facts that, if proven, would

---

[3] For the same reason, Price cannot avail himself of equitable tolling on grounds of fraudulent concealment. *See, e.g.*, *Rajaratnam v. Motley Rice, LLC*, 449 F. Supp. 3d 45, 82-83 (E.D.N.Y. 2020) (rejecting an equitable-tolling argument with respect to a claim of defamation under New York law); *Koncul Enterprises, Inc. v. Fleet Fin., Inc.*, 630 S.E.2d 567, 570 (Ga. Ct. App. 2006) (same under Georgia law); *McCarthy v. Pointer*, 3 N.E.3d 852, 857 (Ill. App. Ct. 2013) (same under Illinois law).

[4] Here too, there is no "actual conflict" among the relevant states' laws, as a plaintiff must plead that a statement is substantially false to state a defamation claim under the laws of New York, Illinois, and Georgia. *See, e.g.*, *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 242 (2d Cir. 2017) (New York); *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993) (Illinois); *Bryant v. Cox Enters., Inc.*, 715 S.E.2d 458, 463 (Ga. Ct. App. 2011) (Georgia). Accordingly, the Court applies New York law. *See, e.g.*, *First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd.*, 52 F. Supp. 3d 625, 633 (S.D.N.Y. 2014) (Sullivan, J.) ("Where

4

establish that [Defendants'] statements were not substantially true." *Tannerite Sports*, 864 F.3d at 247.  A statement is "substantially true" when "the overall gist or substance of the challenged statement is true," *Chau v. Lewis*, 771 F.3d 118, 129 (2d Cir. 2014) (internal quotation marks omitted), and it "would not have a different effect on the mind of the reader from that which the pleaded truth would have produced," *Tannerite Sports*, 864 F.3d at 242 (internal quotation marks omitted).  Significantly, the determination of whether a statement is substantially true turns on the "understanding of the 'average reader,'" *Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 146 (2d Cir. 2001) (citations omitted), and takes into account "[t]he *entire* publication, as well as the circumstances of its issuance," *Tannerite Sports*, 864 F.3d at 243 (internal quotation marks omitted) (emphasis added).  These principles help "to prevent the news media from being 'damaged by an overly technical or exacting conception of truth in publication.'" *Olivet Univ. v. Newsweek Digital LLC*, No. 23-CV-5670 (NRB), 2024 WL 1892563, at *4 (S.D.N.Y. Apr. 30, 2024) (quoting *Tannerite Sports*, 864 F.3d at 243), *aff'd*, No. 23-1473-cv, slip op. at 7 (2d Cir. Dec. 6, 2024) (affirming "substantially for the reasons stated by the District Court in its thorough and well-reasoned decision") (summary order).

Applying these principles, courts have held that "technical inaccuracies, especially in the inherently complicated context of criminal law, cannot be the basis of a defamation claim where the substance of the reported change would 'not have a different effect on the mind of the reader from that which the pleaded truth would have produced.'" *Id.* (quoting *Tannerite Sports*, 864 F.3d at 243 and citing cases).  That is fatal to Price's claim.  First, the publication, *in its entirety*, was not false at all.  Although the headline of the article refers to Price's case as a "Human

---

there is no actual conflict, a choice-of-law analysis is unnecessary and New York law will apply.").

Trafficking Case," the subtitle accurately states that he was charged with "promoting juvenile prostitution." Am. Compl. 7.  Second, and in any event, any error was purely technical in nature. Indeed, under Illinois law, promoting juvenile prostitution falls comfortably within the state's definition of human trafficking because promoting prostitution subjects a minor to involuntary servitude.[5]  In other words, to the extent there is any "daylight between the challenged statement" that Price was charged in a human trafficking case "and the admitted truth that" he was charged with promoting juvenile prostitution, "the overall gist, sting, or substance cannot be said to be substantially different.  Indeed, this is the very type of technical distinction that defamation law is meant to protect."  *Olivet Univ.*, 2024 WL 1892563, at *5; *see, e.g.*, *Carroll v. Trump*, 685 F. Supp. 3d 267, 277 (S.D.N.Y. 2023) (dismissing a defamation counterclaim on the ground that "[t]he difference between [the plaintiff's] allegedly defamatory statements — that [the defendant] 'raped' her as defined in the New York Penal Law — and the 'truth' — that [the defendant] forcibly digitally penetrated [the plaintiff] — is minimal" and would have had "no different effect on the mind of an average listener"); *Nanji v. Nat'l Geographic Soc.*, 403 F. Supp. 2d 425, 431-33 (D. Md. 2005) (concluding that a statement that the plaintiff "raped" his victim was "substantially true" where he had been convicted of involuntary servitude).  In short, "in this case," as in *Olivet University*, "the truth is so near to the facts as published that no legal harm has been done."  No. 23-1473-cv, slip op. at 7 (cleaned up).

---

[5]   *See* 720 Ill. Comp. Stat. 5/10-9(d) (defining human trafficking as "knowingly . . . recruit[ing], entic[ing], . . . or attempt[ing] to recruit . . . another person, intending or knowing that the person will be subjected to involuntary servitude"); 720 Ill. Comp. Stat. 5/11-14.4(a) (defining promoting juvenile prostitution as "advanc[ing]" or "profit[ing]" from the prostitution of a minor); 720 Ill. Comp. Stat. 5/10-9(c) (defining involuntary sexual servitude of a minor as "knowingly recruit[ing], entic[ing], . . . or attempt[ing] to recruit . . . another person under 18 years of age, knowing that the minor will engage in commercial sexual activity").

For the foregoing reasons, Price fails to plead any claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[6]  Accordingly, Defendants' motion to dismiss must be and is GRANTED.  Further, the Court declines to *sua sponte* grant Price leave to amend.  Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Here, the defects in Price's claim are substantive, so amendment would be futile.  *See, e.g.*, *Roundtree v. NYC*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (collecting cases).  Moreover, the Court already granted Price leave to amend, and he has neither sought leave to amend again nor suggested that he possesses any additional facts that could cure the defects in his dismissed claims.  *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019).  Finally, the Court expressly warned Price that he would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss."  *See* ECF No. 17; *see also, e.g., Overby v. Fabian*, No. 17-CV-3377 (CS), 2018 WL 3364392, at *14 (S.D.N.Y. July 10, 2018) ("Plaintiff's failure to fix deficiencies in his previous pleading, after being provided ample notice of them, is alone sufficient ground to deny leave to amend *sua sponte*.").

---

[6] In light of that result, the Court need not and does not reach Defendants' argument that that claims against Hale Global alone should be dismissed.  *See* Defs.' Mem. 6-7.

**The Clerk of Court is directed to terminate ECF No. 21, to enter judgment in favor of Defendants, and to close the case.** As Price previously consented to receive electronic notice via the ECF system, *see* ECF No. 5, there is no need to mail a copy of this Memorandum Opinion and Order to Price. The Court certifies, pursuant to 18 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 6, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge