UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
          :
NEAL PRICE,          :
          :
          Plaintiff,          :        24-CV-2826 (JMF)
          :
      -v-          :        MEMORANDUM OPINION
          :                  AND ORDER
HALE GLOBAL et al.,          :
          :
          Defendants.          :
          :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On January 26, 2025, Plaintiff Neal Price, proceeding without counsel, moved for an extension of time to file a notice of appeal. *See* ECF No. 31. Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides that a district court "may extend the time to file a notice of appeal" if the party seeking an extension "shows excusable neglect or good cause." Where, as here, "[the movant's] failure to file a timely appeal was at least partly due to her own inadvertence, mistake or carelessness, excusable neglect, rather than good cause, is the appropriate standard for evaluating her claims." *Alexander v. Saul*, 5 F.4th 139, 148 (2d Cir. 2021) (cleaned up). To determine whether a late claimant has established excusable neglect, courts consider four factors: "(1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (cleaned up). In this case, the Court finds — and Defendants do not dispute — that the first, second, and fourth factors favor granting Price's motion for an extension. Defendants

would not suffer meaningful prejudice from Price's delay, the length of delay is short, and there is no indication of bad faith on Price's part.

Admittedly, the third factor presents a closer call.  Explaining the reason for delay, Price states that he "is homeless and living in his car, hotels, and Airbnbs while working as a rideshare driver" and that "[t]hese circumstances have made it difficult for Plaintiff to focus on legal matters."  ECF No. 31, at 1.  In response, Defendants note only that Price's explanation lacks specificity, but they stop short of opposing the motion.  *See* ECF No. 33; *see also Williams v. KRC Nat. Mgmt. Co.*, 391 F.3d 411, 416 (2d Cir. 2004) (holding that "the failure to oppose, in circumstances where the other three *Pioneer* factors could readily be found to have been met, created a context in which the District Court's discretion to grant the motion without further examination was not an abuse of discretion").  In light of that — and because at least three of the four *Pioneer* factors favor extension — the Court GRANTS Price's motion for an extension of time.  The Court, however, reiterates is earlier observation that "any appeal" in this case "would not be taken in good faith."  ECF No. 29, at 8.

The Clerk of Court is directed to terminate ECF No. 31 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: February 3, 2025
       New York, New York                        _____
                                                 JESSE M. FURMAN
                                                 United States District Judge

2